# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. RUSSELL,

        Petitioner,              :        Case No. 3:24-cv-001

   - vs -                                  District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS;
## ORDER DENYING MOTION TO EXPAND THE RECORD

This habeas corpus case, brought *pro se* by Petitioner James Russell, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), Petitioner's Reply (ECF No. 14), and Respondent's Reply to the Traverse (ECF No. 19). Also pending for decision are Petitioner's Motion to Expand the Record (ECF No. 15), Respondent's Memorandum in Opposition (ECF No. 18), and Petitioner's Reply Memorandum in support (ECF No. 20).

Respondent argues the Petition is barred by the statute of limitations. The statute in question, 28 U.S.C. § 2244(d), was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The standard prescribed form for habeas corpus petitions tells a petitioner to "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U. S.C. § 2244(d) does not bar your petition." 28 U.S.C. § 2244 is printed on the form in full so as to give a petitioner assistance in responding. Russell has left this portion of the Petition completely blank (ECF No. 3, PageID 44-46).

Petitioner first took a position on the statute of limitations in his Traverse where he wrote:

> [T]he one year limitation period in the instant case did not start to run on May 10, 2022, August 8, 2022, or August 9, 2023, after the Ohio Supreme Court declined jurisdiction over the Petitioner's appeal. Because the appeal before the Ohio Supreme Court filed March 10, 2022, was still pending before the state court and before the Petitioner's sentence became final §2244(d)(1)(A).
>
> The Petitioner untilized [sic] Ohio Appellate Procedural Rule App.R.26(B) on April 28, 2022, before the Ohio Supeme [sic] Court rendered it's [sic] judgment on September 27, 2022. [S]imply put, the Petitioner's 26(B) application was timely filed before the Ohio

> Supreme Court entered it's judgment on September 27, 2022. Therefore, the 26(B) post conviction tolled the one year statute of limitation. (State's exhibit 89, Case No.2022-0249, page ID#1557, and State's exhibit 92, Case No.CA29177, page ID#1581). *Hess v. Sec'y Dept of Corr,* 2017 U.S. App. LFXIS 27099, The one year limitation period is tolled during the time which a properly filed application for state post conviction relief or other collateral review is pending. *Smith v. Ohio*, 331 F.Supp.2d 605 (N.D. Ohio 2004).
>
> On June 21, 2022, the State Court of Appeal overruled the Petitioner's 26(B) post conviction application to reopen appeal (State's exhibit 93, page ID#1589). On August 4, 2022, the Petitioner timely filed an appeal to the Ohio Supreme Court (State's exhibit 94, page ID#1600). Not until September 27, 2022 did the Ohio Supreme Court decline jurisdiction over the appeal.(State's exhibit 96, Case No.2022-0947, page ID#1615).
>
> [T]he one year statute of limitation began to run on December 27, 2022-- (90) days after the Ohio Supreme Court declined jurisdiction over the timely appeal on September 27, 2022, [a]nd upon the expiration of the time to seek certiorari to the United States Supreme Court on December 27, 2022. *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000), section 2244(d)(1)(A) provides that the one year limitation period begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, the one year limitation period dose [sic] not begin to run until after time for filing a petition for writ of certioari with the United States Supreme Court has passed. *Williams v. Artuz,* 237 F.3d 147, 151 (7th Cir. 2001).
>
> [M]orover, because the 26(B) application to reopen is a part of the direct appeal process (pursuant to *Bronaugh v. Ohio, supra*), and Petitioner must first exhaust to the State Supreme Court before going to the United States Supreme Court. The Petitioner's conviction and sentence became final on December 27, 2022 and the petition for writ of habeas corpus was timely filed when the Petitioner delivered the petition to prison officials for mailing to the United States Clerk of Courts Office on December 21, 2023. (See. Affidavit). *Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001), *Bond v. Moore*, 6 309 F.3d 770, 774 (11th Cir. 2002), *Anderson v. Litgcher,*281 F.3d 672, 675 (7th Cir. 2002), *Abela v. Martin,* 348 F.2d 164 (6th Cir. 2003).

(Traverse, ECF No. 14, PageID 1791-92).

Respondent agrees with Petitioner that the relevant statutory provision is 28 U.S.C. §

3

2244(d)(1)(A) that the statute began to run when the judgment of conviction became final. The key point of disagreement is the effect of Petitioner's 26(B) application. The Ohio Supreme Court declined jurisdiction over Petitioner's appeal from denial of that Application on September 27, 2022. Petitioner asserts the tolling effect of § 2244(d)(2) continued for the ninety days thereafter when he could have sought a writ of certiorari from the United States Supreme Court or until December 27, 2022. But this position depends on the 26(B) Application being part of direct review. It is not. The Sixth Circuit has held a 26(B) application is a request for collateral review. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(en banc), overruling *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). Its status as a request for collateral review enables it to toll the statute while it is pending, but not during the period when a petitioner could apply for a writ of certiorari, that is, the ninety days after Ohio Supreme Court consideration. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Because the Petition herein was filed after expiration of the statute of limitations, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Because the documents sought to be added to the record by Petitioner's Motion to Expand the Record (ECF No. 15) are not needed for decision of the case, the Motion is DENIED without prejudice to its renewal if this Report is not adopted.

September 12, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #