# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. RUSSELL,

        Petitioner,  :  Case No. 3:24-cv-001

- vs -  District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                           :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner James Russell, is before the Court on Petitioner's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition as barred by the statute of limitations (the "Report," ECF No. 22). Respondent has replied to the Objections (ECF No. 29) and District Judge Thomas Rose[1], to whom this case is assigned, has recommitted the case for reconsideration in light of the Objections (ECF No. 28). On the Court's Order, the State Court Record has been expanded to include proceedings in the Montgomery County Court of Appeals for the Second District (ECF No. 33).

---

[1] The undersigned notes the assignment because the caption of Respondent's Objections incorrectly attributes the assignment to District Judge Michael Newman and the Magistrate Judge reference to Magistrate Judge Chelsey Vascura. The assignment was transferred to Judge Rose upon agreement that it was substantially related to Case No. 3:15-cv-331, Petitioner's prior habeas corpus case arising out of the same events. This is not a second or successive habeas application because of the intervening state court judgment.

1

In the Report the undersigned calculated the one-year AEDPA statute of limitations as follows:

28 U.S.C. § 2244(d)(1)(A) provides the statute of limitations begins to run when the conviction becomes final on direct appeal. The state court judgment in question was entered June 18, 2021 (Termination Entry, State Court Record, ECF No. 6-1, Ex. 84). Russell appealed and the Supreme Court of Ohio declined jurisdiction over that appeal on May 10, 2022. *Id.* at Ex. 91. On that date Russell had a pending Application to Reopen under Ohio R. App. P. 26(B). *Id.* at Ex. 92. Because a 26(B) application is a collateral attack on a judgment, the pendency of such an Application tolls the statute under 28 U.S.C. § 2244(d)(2). The Court of Appeals denied that Application on the merits on June 21, 2022. *Id.* at Ex. 92. Russell appealed to the Supreme Court of Ohio on August 4, 2022. *Id.* at Ex. 94. That Court declined to exercise jurisdiction on September 27, 2022. *Id.* at Ex. 96. The Report treats that as the date on which the statute began to run, holding Russell was not entitled to tolling during the next ninety days during which he could have sought certiorari, relying on *Lawrence v. Florida*, 549 U.S. 327 (2007).

In his Objections, Russell did not quarrel with that analysis, but asserted he was entitled to further tolling during the pendency of his Petition for Writ of Prohibition in the Ohio Second District Court of Appeals. The Complaint in Prohibition was filed March 14, 2023 (Supplemental State Court Record, ECF No. 33, PageID 1861). The Second District dismissed the Complaint on May 9, 2023, and Russell did not appeal to the Supreme Court of Ohio. He filed his Petition in this Court on December 21, 2023, by placing it in the prison mail system that date. (Petition, ECF No. 3, PageID 46).

Respondent asserts Russell's Complaint in Prohibition is not a properly filed collateral attack on the judgment so as to toll the statute. It is an arguable point. The attack was collateral,

it asserted the trial court did not have jurisdiction to enter the amended Termination Entry, and it was decided by the Second District on the merits, rather than for any improper filing reason. It is not necessary to decide that question, however. Giving Russell the benefit of the doubt on that question, his Petition was still filed 395 days[2] after the statute began to run and is therefore barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 22, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

---

[2] 169 days from September 27, 2022, until the Complaint was filed on May 9, 2023; 226 days from its dismissal until the Petition was filed.

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #